CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
09/26/2017
JULIA C. DUDLEY, CLERK
BY: s/ F. COLEMAN
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| JENNIFER LLOYD-PITTS,<br><br>                                *Plaintiff*,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>                                *Defendant*. | CASE NO. 6:16-cv-00017<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on the parties' cross-motions for summary judgment (dkts. 9 and 11),[1] the Report and Recommendation of United States Magistrate Judge Robert S. Ballou (dkt. 20, hereinafter "R&R"), and Plaintiff's objections to the R&R (dkt. 21, hereinafter "Objections"). Pursuant to Standing Order 2011-17 and 28 U.S.C. § 636(b)(1)(B), the Court referred this matter to Judge Ballou for proposed findings of fact and a recommended disposition. Judge Ballou's R&R advises this Court to deny Plaintiff's motion for summary judgment and grant the Commissioner's motion for summary judgment. Plaintiff timely filed her objections, obligating the Court to undertake a *de novo* review of those portions of the R&R to which objections were made. *See* 28 U.S.C. § 636(b)(1)(B); *Farmer v. McBride*, 177 F. App'x 327, 330 (4th Cir. 2006). Because Plaintiff's Objections lack merit, I will adopt the R&R in full.

I. **Standard of Review**

A reviewing court must uphold the factual findings of the ALJ if they are supported by substantial evidence and were reached through application of the correct legal standard. *See* 42

---

[1] Plaintiff has moved in the alternative to remand. (Dkt. 9).

1

U.S.C. §§ 405(g), 1383(c)(3); *Hines v. Barnhart*, 453 F.3d 559, 561 (4th Cir. 2006). Substantial evidence requires more than a mere scintilla, but less than a preponderance, of evidence. *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001). A finding is supported by substantial evidence if it is based on "relevant evidence [that] a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam).

A reviewing court may not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for that of the ALJ. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (citation omitted). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Secretary (or the Secretary's designate, the ALJ)." *Id*. (quoting *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987)). "Ultimately, it is the duty of the [ALJ] reviewing a case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Thus, even if the court would have made contrary determinations of fact, it must nonetheless uphold the ALJ's decision, so long as it is supported by substantial evidence. *See Whiten v. Finch*, 437 F.2d 73, 74 (4th Cir. 1971).

## II. Analysis

Because Plaintiff does not object to the R&R's recitation of the factual background and claim history in this case, I incorporate that portion of the R&R into this opinion. (*See* R&R at 2–3). By way of summary, Plaintiff applied for, but was denied, Disability Insurance Benefits and Supplemental Security Income under the Social Security Act. Plaintiff alleged that she was disabled due to severe migraines, depression, emotional problems, and pain. After a hearing and an initial determination that Plaintiff was not disabled, Administrative Law Judge Mark A.

2

O'Hara (hereinafter "ALJ") reviewed the case again on remand from the Appeals Council.[2] The ALJ maintained his determination that Plaintiff was not disabled after conducting another hearing that included testimony from an impartial medical expert Charles L. Cooke, M.D. and vocational expert Gerald K. Wells, Ph.D. The ALJ found that Plaintiff was insured at the time the alleged disability began and that, while she suffered from the medically determinable impairments, none limited her ability to perform basic work activities. Accordingly, these impairments were not "severe." Therefore, the ALJ found that Plaintiff did not satisfy step two of the sequential five step disability determination,[3] and concluded that Plaintiff was not disabled.

Plaintiff makes two objections to the R&R, arguing that Judge Ballou erred in finding the ALJ: (1) properly weighed the medical opinion evidence, and appropriately found that Plaintiff's headaches were "not severe"; and (2) properly evaluated Ms. Pitts credibility. Each is discussed below.

A. **Weight of Medical Opinion Evidence**

Plaintiff asserts that the ALJ erred in concluding that the opinions of Dr. Login, Plaintiff's treating physician, should be given little weight. The Court concurs with Judge

---

[2] The ALJ's task on remand was to evaluate the newly received evidence, obtain additional evidence to complete the Administrative Record, and evaluate other treating opinion evidence.
[3] The disability inquiry

> asks whether (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in Appendix I of 20 C.F.R. Part 404, subpart P; (4) the claimant can perform her past relevant work; and (5) the claimant can perform other specified types of work.

*Johnson v. Barnhart*, 434 F.3d 650, 654 n.1 (4th Cir. 2005). The ALJ in the instant case found that Plaintiff failed to meet step two, as she lacked a severe medical impairment.

3

Ballou's assessment that substantial evidence supported the ALJ's decision to give little weight to the Dr. Login's opinion. Thus, the Court overrules the Plaintiff's objection on this point.

While it is the Commissioner's role to make disability determinations, the ALJ is still bound by federal regulations to provide "good reasons" for not giving controlling weight to a treating physician's medical opinions. *See* 20 C.F.R. § 404.1527(c)(2). However, a treating physician's legal conclusions are given no additional or special weight. *See Morgan v. Barnhart*, 142 F. App'x 716, 722 (4th Cir. 2005). In the event that the treating physician's medical opinion is not given controlling weight, the ALJ must analyze five factors[4] to determine what weight should be given to the opinion. 20 C.F.R. §§ 404.1527(c)(2)-(5), 416.927(c)(2)-(5).

As Judge Ballou correctly recognized, the ALJ appropriately gave consideration to all of these factors in determining that the medical opinion of Plaintiff's treating physician should not be given controlling weight. (R&R at 10–11). The ALJ noted that Dr. Login's opinion was not consistent with the "longitudinal record" and was based on symptoms reported by Plaintiff, who the ALJ found lacked credibility. (R at 35). Moreover, no other treating physician concurred with Dr. Login that Plaintiff was disabled. (*Id.*) The ALJ also found that Dr. Login had taken an "advocacy role on the behalf of the claimant," resulting in a loss of objectivity in determining Plaintiff's true condition. (*Id.* at 36). The ALJ reasoned that such a loss of objectivity was apparent from the fact that Dr. Login "gloss[ed] over" Plaintiff's apparent drug seeking behavior, while Plaintiff's alleged symptoms did not align with her physical condition. (*Id.*)

---

[4] These factors are: (1) the length of treatment and frequency of examination; (2) the nature and extent of the treatment relationship; (3) the opinion's support by medical evidence; (4) the opinion's consistency with the record as a whole; and (5) the treating physician's specialization. 20 C.F.R. §§ 404.1527(c)(2)-(5), 416.927(c)(2)-(5). All of the factors must be analyzed, and none may be omitted. *Burch v. Apfel*, 9 F. App'x 255, 259 (4th Cir.2001).

In response, Plaintiff directs the Court's attention to several cases rejecting speculation by the ALJ as to a treating physician's possible sympathetic or nefarious motivations. *See Lester v. Chater*, 81 F.3d 821, 832 (9th Cir. 1995); *Sullivan v. Colvin*, 4:12-cv-04033, 2013 WL 2155115 *5 (W.D. Ark. May 17, 2013); *Tully v. Colvin*, 943 F. Supp. 2d 1157, 1168 (E.D. Wash. 2013); *Trujillo v. Astrue*, No. 1:12-cv-89, 2013 WL 706270 *5 (D. Utah Feb. 26, 2013). Yet these cases serve only to knock down a straw man propped up by Plaintiff. The ALJ did not infer sympathy or dishonesty by Dr. Login in the abstract. Rather, as discussed above, the ALJ supported his decision to give Dr. Login's medical opinion "little weight" with substantial evidence from the administrative record. (R at 35). Thus, Plaintiff's objection as to this matter will be overruled.

**B.     Plaintiff's Credibility**

Lastly, Plaintiff objects to Judge Ballou's conclusion that substantial evidence supported the ALJ's credibility determination. (Objections at 10). The ALJ based his credibility findings on Plaintiff's lack of distress in office visits, her ability to engage in daily activities, evidence of drug-seeking behavior, and multiple medical sources declaring she was not disabled. (R at 31-34). Plaintiff further asserts that such evidence, which led to the determination she was not disabled, is not inconsistent with a disability determination. (*Id.*)

As Judge Ballou noted, the duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court. *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). Having "had the opportunity to observe the demeanor and to determine the credibility of the claimant, the ALJ's observations concerning [credibility determinations] are to be given great weight." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984). Judge Ballou dedicated several pages to addressing Plaintiff's contention that the ALJ erred in his credibility determination. (R&R at 13–15). In so

5

doing, Judge Ballou recognized that the ALJ found Plaintiff not credible based upon several contradictions in the record, not simply because of facts that appeared to indicate a lack of disability. (R&R at 14). The ALJ noted:

> At almost every visit in the record, [Lloyd-Pitts] reported some type of excruciating pain, yet she almost never appeared in any distress. In fact, despite her allegations of such significant and disabling pain, she was observed engaging in activities, such as texting and reading on her phone, and she reported activities such as decorating her Christmas tree, playing volleyball, lifting her grandmother, and moving heavy boxes. . . .
>
> Moreover, the claimant has made inconsistent statements or statements contradicted by other evidence of the record which undermines her credibility. . . .

(R. at 33). The ALJ went on to list over half a dozen instances where Plaintiff either contradicted herself or was contradicted by the record. (*Id.*)

Additionally, as Judge Ballou pointed out, "an ALJ may properly rely on evidence regarding a plaintiff's routine, non-work activities in rejecting a claim of disability." (R&R at 14 (citing *Johnson v. Barhart*, 434 F.3d 650, 659 (4th Cir. 2005)). Thus, Plaintiff's contention that the facts of the credibility determination listed above are not inconsistent with a finding of disability is not only misguided legally, but also unsupported factually. The ALJ made clear that such contradictory factual findings were not only harmful to Plaintiff's credibility, but also demonstrative of the fact that her migraine headaches "do not cause her any vocationally relevant functional limitations and is not a severe impairment for Social Security purposes." (R. at 33–34).

Lastly, Plaintiff asserts in passing that the ALJ "failed to cite to any evidence that established Ms. Pitts was abusing her medication." (Objections at 10). But the ALJ specifically noted that "the record show[s] multiple instances of the claimant obtaining narcotic medications from multiple different providers, taking more medication than prescribed, and her providers

6

refusing to provide requested narcotics (Exhibits 2F at 4, 7F at 5-6, 21F at 21-27 & 7-14, 20F at 7-9, 34F at 40, and 24F)." (R. at 33). While Plaintiff does point to the lone treating doctor, Dr. Login, who found such a concern over Plaintiff's behavior misplaced, Plaintiff's position that the ALJ's credibility determination is without factual support is simply incorrect.

Plaintiff's objections essentially ask this Court to re-examine the evidence and reach a different conclusion. However, the Court must give great deference to the ALJ's credibility determinations and resolutions of conflicts in the evidence. *See Darvishian v. Geren*, 404 F. App'x 822, 831 (4th Cir. 2010); *Johnson*, 434 F.3d at 653 (citing *Craig*, 76 F.3d at 589) ("In reviewing for substantial evidence, we do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the [ALJ].") (alteration in original). The Court must decline Plaintiff's invitation to ignore unfavorable evidence and reverse the ALJ on the basis that it could have reached a different result.

As Judge Ballou concluded, the ALJ supported his conclusions with substantial evidence. The ALJ presented a reasoned analysis, supported by the facts, as to why these conflicts warranted a conclusion that Plaintiff was less than fully credible. As a result, this objection will be overruled.

### III. Conclusion

Judge Ballou correctly concluded that the ALJ's findings were supported by substantial evidence, and thus each objection will be overruled for the reasons discussed above. As a result, Defendant's motion for summary judgment will be granted, while Plaintiff's motion for summary judgment will be denied. Plaintiff's alternative motion to remand is without merit and will be denied. An appropriate Order will issue.

The Clerk of the Court will be directed to send a certified copy of this Memorandum

Opinion to all counsel of record and to remove this case from the Court's active docket.

Entered this 26th day of September, 2017.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE